13675

GRIFFIN v. STATE HIGHWAY DEPARTMENT OF
SOUTH CAROLINA

(170 S. E., 459)

*Messrs. Jno. M. Daniel, Attorney General, J. Ivey Humphrey, Assistant Attorney General,* and *Price & Poag,* for appellant,

*Messrs. W. E. Bowen* and *Blythe & Bonham,* for respondent,

July 24, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The facts out of which this action arose, briefly stated, are these: On the night of October 9, 1931, an automobile, owned and operated by one Jake C. Griffin, was wrecked on a State highway in Greenville County, and Griffin was killed. The road on which the accident occurred leads from the City of Greenville to Rainola on the old Bumcombe highway, and is popularly known as the new Bumcombe Road. Some few miles from the city, it crosses the Paris Mountain Road, a county highway, approximately at right angles. About July, 1931, that portion of the new road between Rainola and its intersection with the Paris Mountain Road was opened for use, travel being detoured at the point of intersection along the Paris Mountain Road into the city. It was at this place of detour that Griffin met his death.

The plaintiff, in her representative capacity, sued for the benefit of the wife and children of the deceased. She alleged that the defendant, at the intersection of the two roads, had placed a barricade across the new highway, and that her in-

testate, not being properly warned, was suddenly confronted with this barrier; and that, when he attempted to turn into the sharp detour, his car was thrown into a large ditch by the roadside, and that he received wounds from which he shortly thereafter died. His death was specifically referred to the alleged negligence of the defendant:

"In failing to properly erect signs at a reasonable distance to warn approaching travelers of the presence of such detour.

"In failing to keep the point of detour sufficiently lighted to warn travelers at a reasonable distance of the presence of such detour.

"In allowing a large and dangerous ditch to be and remain at the side of the detour.

"In erecting a detour at such a sharp angle that it was almost impossible for the traveling public to turn into same without falling into the huge ditch beside said detour, unless the traveler should come to an almost complete stop."

The defendant denied all allegations of negligence, and alleged that the deceased brought about his death by his own negligence and contributory negligence.

The case was tried at the November, 1932, term of Court of Common Pleas for Greenville County before Judge Johnson and a jury. Motions for a nonsuit and a directed verdict were overruled, and the jury found for the plaintiff $3,000-.00. From judgment entered on the verdict, this appeal is taken.

The exceptions raise the following questions: (1) Did the Court commit error in refusing to direct a verdict on the ground that there was no evidence of any actionable negligence on the part of the defendant? (2) Should a verdict have been directed on the ground that the evidence showed that Griffin's death was due to his own negligence or that he negligently contributed thereto?

The contention of the appellant is that "the testimony offered by plaintiff showed that the detour was sufficiently lighted and protected, and had sufficient

warning signs to have warned any automobile driver that he was approaching a dangerous point and to have his car under control"; and that, therefore, the verdict should have been granted on both grounds.

While we have read with care the voluminous testimony printed in the record, we deem it unnecessary to review it at length. It is not disputed that at a point about ten or fifteen feet south of the detour (going in the direction of Greenville), the defendant had erected across the new highway, as a warning sign to travelers, two striped barricades, six feet high and eight feet long, that Griffin's approach to the detour was on a straight road, and that the barricades could be seen in the lights of an automobile at a distance of one hundred feet or more. Bearing on the question of defendant's negligence, testimony for the plaintiff tended to establish the following facts: That the detour was an extremely sharp one, and that at this point there was a deep ditch or gully, unprotected, between the barrier and the Paris Mountain Road; that, with the exception of a Gulf Refining sign in the middle of the barricades, there was no light or other warning sign at the place of detour; that the signs farther up the road did not warn approaching travelers that a detour was a short distance ahead; and that no guard rails or posts had been placed as a protection, along the ditch or gully at the side of the road. As bearing on the second question, plaintiff offered testimony tending to show that her intestate was driving along the highway in question on a misty, foggy night, at the rate of twenty-five miles per hour; that on reaching the detour he applied his brakes, skidded and slipped on the gravel placed on the highway by the defendant, and went into the unprotected ditch, and was killed. There was no testimony that the deceased had ever traveled the road before that night; on the contrary, there was evidence of a negative nature which tended to show that he did not know of the existence of the detour.

We conclude, on consideration of the entire record, that the trial Judge properly submitted the case to the jury. While the issue of fact as to Griffin's contributory negligence might properly have been resolved by the jury in favor of the defendant, that issue, under the evidence, was entirely for them.

The appellant also asks for a reversal of the judgment on the ground that the jury disregarded the instructions of the Court and rendered a verdict against the highway department through sympathy for plaintiff and her children. As this question was not raised in the Court below on motion for a new trial, it is not properly before us.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.